[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 18, 1989 at Oxford, CT Page 3712 Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in § 46b-81, § 46b-82 and § 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 6 1/2 years. There are no children of this marriage. Both parties appeared to be in good health. The plaintiff is 41 years of age and the defendant is 35 years of age. The plaintiff is self-employed as a paper hanger and gardener. The defendant is a self-employed tree surgeon.
Both parties related physical abuse and verbal abuse. The parties argued over the defendant's drinking. The defendant remained sober for a year prior to the marriage. The parties separated for a month in November 1991. The parties separated for the last time in April 1995 when the plaintiff discovered that the defendant had been having an affair with another woman for the past three years.
Unfortunately, the parties were unable to resolve their marital difficulties. The court finds that the greater fault of the breakdown is attributed to the defendant.
The parties have no liquid assets. The defendant makes no claim to the plaintiff's home which she obtained from a previous marriage. There was no claim for alimony pendente lite filed by the plaintiff during the pendency of this action and the defendant made no voluntary contributions to the plaintiff.
The parties were at odds over a 1947 Indian Chief motorcycle which was owned by the defendant prior to the marriage. After the parties separated, the plaintiff sold this motorcycle for $4,000 to put a furnace into her home. She also sold the defendant's 1968 John Deere Bucket Loader for $1,000. The defendant did not seek or obtain a restraining order to protect the disposition of any of his assets during the pendency of this matter. CT Page 3713
The plaintiff claimed the motorcycle was not operational, had a 1947 motor, a 1948 frame and a 1945 light. She claims to have made inquiries as to the value of this motorcycle before selling it for $4,000. The motorcycle was not registered.
The defendant claims the motorcycle was operational and only needed a generator. He claims further that this motorcycle is a collector's item and has a value of $10,000. No expert testimony was presented as to the value of the 1947 Indian Chief motorcycle nor were any photos available. The sale appeared to be at arm's length. No evidence was presented as to the whereabouts of the buyer and/or the motorcycle at this time. There was no evidence as to whether the motorcycle has since been sold to another, restored, or used for parts. Although the buyer lived in the area (at the time of sale in October 1995), he was not called upon to testify. The defendant requests an order that the plaintiff repurchase the motorcycle and return it to the defendant.
Based on the evidence before the court, this would be setting the plaintiff up to perform an impossible task and thus fail, which in turn would set up a contempt situation.
The plaintiff also sold the defendant's bucket loader in September 1995 for $1,000. The defendant claims it was worth $3,000 at a quick sale. It was purchased in 1986 for $3,500. The defendant had last used the bucket loader in his business three or four years ago.
The plaintiff claimed she paid the defendant's income tax liabilities incurred before the marriage as well as $7,000 for his vehicle. The defendant claims these were joint funds which came from his tree service business.
The court has carefully considered all the appropriate statutory criteria in reaching the decisions reflected in the orders that follow.
Real Estate
The defendant makes no claim against the plaintiff's real property located at 764 Orchard Road, Oxford, Connecticut. The plaintiff shall hold the defendant harmless from any and all liability for payment of the two mortgages presently on the property. CT Page 3714
Personal Property
1. The defendant shall be entitled to the bronze fountain in the plaintiff's garden and he shall remove the same within 45 days from date.
2. The defendant shall be entitled to the wood splitter and he shall remove the same within 45 days from date.
3. The plaintiff shall be entitled to retain any motor vehicles in her possession.
4. The defendant shall be entitled to retain any motor vehicles in his possession.
5. The plaintiff shall be entitled to the household furniture, furnishings and her personal effects.
Other Property
1. The motorcycle and bucket loader were purchased and owned by the defendant prior to the marriage. The defendant claims the motorcycle was a collector's item and the bucket loader had been purchased and used in the defendant's business prior to the marriage. The plaintiff sold these assets and used the proceeds for her own purposes. The defendant ought to be entitled to some share of the proceeds from the sale of his personal property.
It is ordered that the plaintiff shall pay to the defendant within six months of date the sum of $5,000 or return the 1947 Indian Chief motorcycle to the defendant.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year for three years. The term of said alimony shall be nonmodifiable. Said alimony shall sooner terminate on the death of the plaintiff, her remarriage or cohabitation as defined by statute, or the death of the defendant.
Debts
1. The defendant shall be solely responsible for the medical bills as follows: CT Page 3715
Waterbury Hospital, Medstar, Inc., and Dr. Paul Fischer.
The defendant shall be responsible for interest, fees and costs in connection with said bills.
The defendant shall make immediate arrangements with the judgment debtors for the payment of the judgment liens filed against the plaintiff's property so that the judgments are paid in full within 18 months of date. The defendant shall obtain the necessary releases of lien and forward them to the plaintiff.
2. The plaintiff shall be responsible for the A T T bill and First USA bill shown on her financial affidavit.
3. The defendant shall pay the sum of $450 to the plaintiff, representing one-half of the repairs to the log splitter. Said sum shall be paid within 90 days of date.
Attorney's Fees
The plaintiff is awarded attorney's fees in the amount of $350 payable within 90 days of date.
Change of Name
The plaintiff is granted a change of name to Lindsay Michaels.
Restraining Orders
Mutual restraining orders are entered as against each party so that neither party shall harass, assault or attack the other party and neither party shall contact the other by telephone or mail. Neither party shall enter the home of the other.
The defendant, however, is entitled to return to the premises for the sole purpose of removing the bronze fountain and the log splitter on reasonable notice to the plaintiff, which notice shall be communicated through the parties' respective attorneys.
Coppeto, J. CT Page 3716